**FILED**

James J. Vilt Jr,
Clerk

7/22/2026

U.S. District Court
Western District of Kentucky

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**MICHAEL MORRIS** (1)
**LAJUAN SANDERS** (1)
**JAMES MOORMAN** (1, 2, 3, 4)
**WAYNE ALLEN** (1)
**MIRIAM THOMPSON-MORRIS** (1)
**GARY ROSS** (1)
**JEFFERY ROBERSON** (1)

INDICTMENT

NO.   3:26-cr-90-CHB
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(8)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(d)
18 U.S.C. § 924(e)(1)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 846
21 U.S.C. § 853
28 U.S.C. § 2461

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Distribute Cocaine)*

Beginning on a date unknown to the Grand Jury, but at least as early as April 13, 2026, and continuing up to and through on or about July 22, 2026, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **MICHAEL MORRIS, LAJUAN SANDERS, JAMES MOORMAN, WAYNE ALLEN, MIRIAM THOMPSON-MORRIS, GARY ROSS,** and **JEFFERY ROBERSON** knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

The Grand Jury further charges:

<u>COUNT 2</u>
*(Possession of a Firearm by a Prohibited Person)*

On or about June 3, 2026, in the Western District of Kentucky, Jefferson County, Kentucky, **JAMES MOORMAN**, knowingly possessed, in and affecting commerce, a firearm, that is, an Anderson, AM-15, semi-automatic pistol, bearing serial number 22118368 and ammunition, with knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

On or about January 23, 1990, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 89-CR-1087, **JAMES MOORMAN**, was convicted of the offenses of trafficking in a controlled substance cocaine (two counts);

On or about September 6, 1995, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 95-CR-0208, **JAMES MOORMAN**, was convicted of the offenses of illegal possession of controlled substance in the 1st degree, tampering with physical evidence;

On or about October 14, 1996, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 96-CR-2298, **JAMES MOORMAN**, was convicted of the offenses of trafficking in controlled substance cocaine and illegal possession of a controlled substance cocaine;

On or about June 3, 2003, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 01-CR-2060, **JAMES MOORMAN**, was convicted of the offenses of trafficking in controlled substance in the 1st degree while in possession of a firearm subsequent offender, possession of a firearm by a convicted felon, illegal possession of a controlled substance in the 2nd degree while in possession of a firearm;

On or about June 3, 2003, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 02-CR-1628, **JAMES MOORMAN**, was convicted of the offenses of trafficking in controlled substance in the 1st degree cocaine subsequent offender;

On or about September 17, 2019, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 17-CR-2407, **JAMES MOORMAN**, was convicted of the offenses of trafficking in a controlled substance in the 1st degree heroin two grams or more, trafficking in a controlled substance in the 1st degree cocaine, possession of a handgun by a convicted felon;

2

On or about September 17, 2019, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 18-CR-1841, **JAMES MOORMAN**, was convicted of the offenses of illegal possession of a controlled substance methamphetamine, tampering with physical evidence; and

On or about September 17, 2019, in Jefferson Circuit Court, Jefferson County, Kentucky, in case number 18-CR-3425, **JAMES MOORMAN**, was convicted of the offenses of illegal possession of a controlled substance heroin, tampering with physical evidence.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(e)(1), and 924(a)(8).

SENTENCING ALLEGATION (18 U.S.C. § 924(e)(1))

Before **JAMES MOORMAN** committed the offense charged in this count, he had at least three previous convictions for serious drug offenses committed on occasions different from one another.

The Grand Jury further charges:

COUNT 3
(*Possession with Intent to Distribute Methamphetamine*)

On or about June 3, 2026, in the Western District of Kentucky, Jefferson County, Kentucky, **JAMES MOORMAN**, knowingly and intentionally possessed with intent to distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B).

The Grand Jury further charges:

COUNT 4
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

On or about June 3, 2026, in the Western District of Kentucky, Jefferson County, Kentucky, **JAMES MOORMAN,** did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 18, United States Code, Section 922(g)(1) and 924(c)(1)(A) as alleged in this Indictment, felonies punishable by imprisonment for more than one year, **JAMES MOORMAN** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense including, but not limited to a Anderson, AM-15, semi-automatic pistol, bearing serial number 22118368; and ammunition.

As a result of committing an offense in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846 as charged in this Indictment, a felony punishable by imprisonment for more than one year, **MICHAEL MORRIS, LAJUAN SANDERS, JAMES MOORMAN, WAYNE ALLEN, MIRIAM THOMPSON-MORRIS, GARY ROSS,** and **JEFFERY ROBERSON**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds the defendants

4

obtained directly or indirectly, as a result of said offense, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation alleged in this Indictment, including the firearms and ammunition listed herein.

A TRUE BILL.

KYLE G. BUMGARNER
UNITED STATES ATTORNEY

KGB:JRP 7-22-26

UNITED STATES OF AMERICA v. **MICHAEL MORRIS, LAJUAN SANDERS, JAMES MOORMAN, WAYNE ALLEN, MIRIAM THOMPSON-MORRIS, GARY ROSS,** and **JEFFERY ROBERSON**

<u>P E N A L T I E S</u>

| | |
|---|---|
| Counts 1 & 3: | NL 5 yrs./NM 40 yrs/NM $5,000,000/both/NL 4 yrs. Supervised Release (each count) |
| | (NL 10yrs./NM Life/NM $10,000,000/both/NL 5 yrs. Supervised Release with one prior qualifying conviction) |
| | (NL 25yrs./NM Life/NM $20,000,000/both/NL 10 yrs. Supervised Release with two prior qualifying convictions) |
| Count 2: | NM 15 yrs./$250,000/both/NM 3 yrs. Supervised Release |
| | (NL 15 yrs./NM Life/$250,000/both/NM 5 yrs. Supervised Release (with notice of three prior qualifying convictions pursuant to 18 U.S.C. § 924(e))) |
| Count 4: | NL 5 yrs./NM Life/NM $250,000/both/NL 5 yrs. Supervised Release (consecutive) |
| FORFEITURE | |

<u>N O T I C E</u>

<u>**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**</u>

<u>SPECIAL ASSESSMENTS</u>

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

<u>FINES</u>

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

<u>**Failure to pay fine as ordered may subject you to the following**</u>:

1.    **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

<u>For offenses occurring after December 12, 1987:</u>

No **INTEREST** will accrue on fines under $2,500.00.

**INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two-week period after the date a fine is imposed.

**PENALTIES** of:

10% of fine balance if payment more than 30 days late.

15% of fine balance if payment more than 90 days late.

2.    Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.    Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.      That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.      Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:            Clerk, U.S. District Court
                       106 Gene Snyder U.S. Courthouse
                       601 West Broadway
                       Louisville, KY  40202
                       502/625-3500

BOWLING GREEN:         Clerk, U.S. District Court
                       120 Federal Building
                       241 East Main Street
                       Bowling Green, KY  42101
                       270/393-2500

OWENSBORO:             Clerk, U.S. District Court
                       126 Federal Building
                       423 Frederica
                       Owensboro, KY  42301
                       270/689-4400

PADUCAH:               Clerk, U.S. District Court
                       127 Federal Building
                       501 Broadway
                       Paducah, KY  42001
                       270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.