UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAJUAN SANDERS,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | Criminal Action No. 3:26-CR-090-CHB<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Lajuan Sanders's Motion for Review and Revocation of Order of Detention and for Release on Conditions, or in the Alternative, for Temporary Release under 18 U.S.C. § 3142(i) (hereafter, "Motion to Revoke Order of Detention"). [R. 57]. Defendant seeks to revoke the August 5, 2026 Order of Detention Pending Trial ("Order of Detention") issued by United States Magistrate Judge Regina S. Edwards, in which Judge Edwards determined that Defendant should be detained pending trial pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*. *See* [R. 28]. On October 23, 2026, Defendant filed the present motion. [R. 57]. The United States responded in opposition, [R. 60], and Defendant replied, [R. 27]. After reviewing the record and the relevant factors under the Bail Reform Act, the Court finds that Defendant's detention is warranted. For the reasons that follow, the Court will deny the Motion to Revoke Order of Detention, [R. 57], and Defendant shall remain in custody.

## I. BACKGROUND

On July 22, 2026, Defendant and six others were charged by indictment with one count of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. [R. 1]. One co-defendant was also charged with three additional counts:

possession of a firearm by a prohibited person; possession of methamphetamine with the intent to distribute; and possession of a firearm in furtherance of a drug trafficking crime. *Id.*

Upon the motion of the United States, the magistrate judge conducted a detention hearing on July 31, 2026. [R. 27]. On August 4, 2026, Judge Edwards issued an Order on Detention, finding that detention is warranted. [R. 28]. Specifically, Judge Edwards found that, under 18 U.S.C. § 3142(e)(3), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the relevant statutory provisions. *Id.* at 2. Judge Edwards further found that Defendant had not rebutted this presumption. *Id.* Ultimately, Judge Edwards concluded that Defendant must be detained pending trial because the United States had proven "[b]y clear and convincing evidence that no condition or combination of condition of release will reasonably assure the safety of any other person and the community." *Id.* at 3. As to the reasons for that finding, the magistrate judge noted that the offense charged is a crime involving a controlled substance; the defendant's criminal history; the defendant's history of violence or use of weapons; and the defendant's participation in criminal activity while on probation, parole, or supervision. *Id.*

On August 5, 2026, after the magistrate judge issued the Order of Detention, a Superseding Indictment issued. [R. 31]. In that Superseding Indictment, Defendant remains charged with conspiracy to distribute, but an additional charge for possession of a firearm by a prohibited person was also added against Defendant, and other firearms charges were added against other co-defendants, including a newly added co-defendant. *Id.* After his arraignment on the Superseding Indictment, Defendant filed the present motion seeking de novo review of Judge Edwards's

detention findings. *See* [R. 57, pp. 1, 3 (citing 18 U.S.C. § 3145(b))].

## II. LEGAL STANDARD

When a magistrate judge orders detention, a detainee may "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). "Once the motion is presented to the district court, the motion shall be determined promptly." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (citing 18 U.S.C. § 3145(b)). The district considers the matter de novo. *See id.* at 1127–28 (explaining that although the Sixth Circuit has not mandated a particular standard of review, "the majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges issued pursuant to § 3142"); *see also United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *1 (E.D. Tenn. Feb. 27, 2002) ("[On] motion for review and revocation of the Magistrate Judge's detention order pursuant to 18 U.S.C. § 3145(b) . . . the district court applies a *de novo* standard of review."). However, "[w]hile the district court is obligated to review the magistrate[] [judge's] determination, the district court need not hold a hearing." *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020) (counting cases).

## III. ANALYSIS

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The default position of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, this default is modified for certain defendants considered "particularly dangerous" under 18 U.S.C. § 3142(e)(3). *Id.* Under that provision, if probable cause exists to

believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3), as is the case here, a rebuttable presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." A grand jury indictment alone will satisfy the probable cause requirement. *Stone*, 608 F.3d at 945; *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

Section 3142(e)(3) imposes a "burden of production" on a defendant seeking to rebut the presumption, and he satisfies that burden when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)) (internal quotation marks omitted). However, even when a defendant satisfies this burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436) (internal quotation marks omitted). In other words, the presumption becomes "an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (citations omitted).

Ultimately, "[r]egardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946. In determining whether the government has met this "burden of persuasion," the Court must consider the factors set forth in 18 U.S.C § 3142(g), including:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, … a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify or limit the defendant's presumption of innocence. *Id.* § 3142(j).

In the present case, Judge Edwards concluded that the presumption under 18 U.S.C. § 3142(e)(3) applied and was not rebutted, and moreover, the government had demonstrated by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. [R. 28]. In reaching this conclusion, Judge Edwards considered the four factors set forth in 18 U.S.C. § 3142(g). *Id.* ("After considering . . . the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g) . . . ."). The Court agrees with the magistrate judge's analysis.

First, the "nature and circumstances of the offense charged" clearly weighs in favor of detention of this case. On this factor, Defendant acknowledges that his conspiracy to distribute charge is a drug offense and, as a result, the presumption applies. [R. 57, p. 7]. Nevertheless, he argues that the United States' case "rests largely on agent interpretations of intercepted conversations about drinks and bottles, which Mr. Sanders disputes," and no controlled substances

were recovered from Defendant's home or a related property. *Id.* As to the firearms charge, Defendant argues only that he intends to file a motion to suppress that evidence, and he denies any knowledge of the firearms. *Id.* At most, then, the defendant disputes the strength of the United States' case. But 18 U.S.C. § 3142(g)(1) specifically directs the Court to consider whether the charged offense "involves . . . a firearm." At this stage of the proceedings, and on the current record, the offenses charged involve the possession of at least seven firearms, including multiple handguns, a rifle, and a shotgun, as well as ammunition. Moreover, the Superseding Indictment charges Defendant with involvement in a several-months-long conspiracy to distribute a significant quantity of controlled substances, and at least three of his seven co-defendants have also been charged with firearms offenses within the conspiracy timeframe. Given these circumstances, and the fact that the charged offenses involved numerous firearms, the Court finds that the first factor supports detention.

Next, the Court considers the "weight of the evidence" against Defendant. 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's *dangerousness*, not the weight of evidence of his guilt. *See Stone*, 608 F.3d at 948 (citation omitted). Nevertheless, Defendant appears to focus on the weight of the evidence of defendant's *guilt*. *See* [R. 57, p. 7]. Again, the current record indicates that Defendant possessed seven firearms and ammunition during the time frame of the alleged conspiracy to distribute a significant quantity of controlled substances, and at least three of his seven co-defendants have also been charged with firearms offenses for the possession of firearms within the conspiracy timeframe. Although nothing at this stage modifies the presumption of innocence, such evidence sufficiently demonstrates Defendant's dangerousness. Accordingly, having reviewed the evidence, the Court finds that the second factor favors detention.

Turning to the third factor, the Court considers Defendant's history and characteristics. As to this factor, Defendant notes that he is fifty years old; he has lived in Louisville his entire life; he owns properties; he has three children and a girlfriend; he owns a company; he does not have a passport; and his prior felony convictions are at least twenty years old. [R. 57, p. 7]. The Court cannot ignore Defendant's criminal history, however. In 1998, Defendant was convicted of manslaughter in the first degree and assault in the first degree in Jefferson Circuit Court, Case No. 97-CR-1632. [R. 31, p. 6]. In 2006, he was convicted of complicity to cultivate marijuana and being a persistent felony offender in the second degree in Jefferson Circuit Court, Case No. 02-CR-2491. *Id.* The Court understands that this latter conviction occurred while Defendant was released on parole. [R. 60, p. 2].

The Court also understands that Defendant was charged in another case involving the Louisville Metro Police Department, which was dismissed on November 12, 2025, and which resulted in related federal felon-in-possession charges. [R. 57, pp. 4, 7]. As to that 2025 federal case, Defendant was acquitted in April 2026 after a three-day jury trial. *Id.* at 7. The United States argued at the detention hearing that some of the underlying criminal actions in the present case occurred while Defendant was on pretrial release in that 2025 federal case. *Id,* at 1, 4. Defendant now argues that this assertion is incorrect, based on information learned after the detention hearing. *Id.* at 2. Specifically, the defendant argues that the intercepted phone calls occurring during the relevant time period do not clearly demonstrate that Defendant offered to sell or sold any controlled substances. *Id.* at 5. The Court has reviewed the parties' discussions of those calls, and while those calls alone do not unequivocally demonstrate that Defendant engaged in criminal behavior, they do include comments by a co-defendant indicating that Defendant attempted to sell him "one" or "something," terms typically used by the co-defendant to describe one pound of marijuana. *Id.*;

*see also* [R. 60, p. 4]. Regardless, even assuming that Defendant did not engage in the alleged criminal activity while on pretrial release, the defendant's criminal history still weighs in favor of detention. As noted above, Defendant has a history of violent crimes, and although those crimes occurred several years ago, it is the Court's understanding that Defendant committed the 2006 drug-related offenses while on parole for those earlier violent crimes. Thus, while defense counsel argues that Defendant was able to satisfy the conditions of his pretrial release relating to the 2025 federal charges, *see* [R. 57, pp. 2, 6], the Court cannot ignore the fact that, despite multiple charges and convictions dating back to 1998, Defendant continued his criminal behavior. In other words, his prior convictions appear to have done little to deter him from committing additional crimes. Indeed, despite multiple convictions that prevented him from possessing firearms, Defendant nevertheless amassed at least seven firearms and ammunition. Given this criminal history, the Court finds that this third factor weighs in favor of detention.

Lastly, the Court must consider the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Defendant argues that he complied with all conditions of his pretrial release in the 2025 federal case, including location monitoring, and similar conditions could be imposed in this case. [R. 57, pp. 7–8, 10–11]. But as the Court has already explained, Defendant has a history of continuing his criminal behavior even while on parole for other crimes, which were violent in nature, and he has shown an ability and willingness to obtain firearms, despite being a convicted felon. This poses an obvious risk of danger. Moreover, Defendant's proposed release plan of living with his girlfriend[1] is questionable, where that girlfriend was present when Defendant was arrested (at a location where at least three

[1] The defendant names "Andrea Miller" in his motion, while the United States references "Andrea Elliott." *See, e.g.*, [R.57, pp. 10–11]; [R. 60, p. 6]. In a supplemental filing, Defendant corrects the misnomer and clarifies that his girlfriend's last name is Elliot. [R. 58].

firearms were found), and she gave conflicting statements to law enforcement officers at that time. *See* [R. 60, p. 6]. Accordingly, this fourth factor also weighs in favor of detention.

The United States must persuade the Court by clear and convincing evidence that no conditions of release can ensure the safety of the community, or it must persuade the Court by a preponderance of the evidence that no conditions can ensure the defendant's appearance in future proceedings. 18 U.S.C. § 3142(e)–(f). For the foregoing reasons, the Court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community" and that detention is therefore proper. 18 U.S.C. § 3142(e)(1).

The Court next considers Defendant's alternative request for temporary release. Under 18 U.S.C. § 3142(i), the Court may, "by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). When determining whether such release is "necessary," courts consider "(1) the time and opportunity the defendant had to prepare for the trial and participate in his defense, (2) the complexity of the case and volume of information, and (3) expense and inconvenience associated with preparing while incarcerated." *United States v. Scarborough*, 821 F. App'x 598, 601 (6th Cir. 2020) (quoting *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020)) (internal quotation marks omitted). The defendant bears the burden of establishing circumstances that would warrant temporary release under this provision. *Bothra*, 2020 WL 2611545, at *2.

In the present case, defense counsel argues that discovery is voluminous and requires that the defendant to review wiretap linesheets, transcripts, audio recordings, and similar materials.

[R. 57, p. 9]. Defense counsel explains that she initially had trouble getting a flash drive with these discovery materials to Defendant, but she was able to do so on October 16, 2026. *Id.* at 10. She acknowledges that Defendant is able to review the discovery in one-hour time slots on computers provided by the detention facility. *Id.* She argues that he has been in custody for approximately three months, but to date, he has only been able to review some of the discovery in his case. *Id.* However, the Court notes that Defendant's trial set for February 2027, and Defendant was only provided the discovery on October 16, 2026. Defendant has access to computers that allow him to review that discovery, albeit in one-hour time slots. On balance, the Court finds that Defendant currently has the time and opportunity to prepare for trial and participate in his defense; discovery may be voluminous but this case is not, on the current record, so complex to warrant temporary release; and the expense associated with preparing for his defense while incarcerated is low, as defense counsel is appointed. The Court also notes that, beyond citing to the proposed conditions of pretrial release, defense counsel failed to provide a plan or timeline for completing the review of discovery during any period of temporary release, or even an end date for such temporary release. *See generally Bothra*, 2020 WL 2611545, at *2 (explaining that the release must be temporary and no longer than necessary to completed the "necessary" defense preparations or resolve the other "compelling" circumstances (citation omitted)). As such, the Court finds that Defendant has failed to satisfy his burden and will deny the request for temporary release.

## IV. CONCLUSION

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Sanders's Motion for Review and Revocation of Order of Detention and for Release on Conditions, or in the Alternative, for Temporary Release under 18 U.S.C. § 3142(i), [**R. 57**], is **DENIED**.

2. Defendant Sanders shall **REMAIN** in custody pending trial.

This the 12th day of November, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY